# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES POPLASKY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Civil Action No.:** |
| ) | |
| SENTRY CREDIT, INC., ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| Defendant ) | |
| ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

JAMES POPLASKY ("Plaintiff"), by and through attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SENTRY CREDIT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

- 1 -

PLAINTIFF'S COMPLAINT

3. Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Hyannis, Massachusetts 02601.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a debt collection company with its corporate office located at 2809 Grand Avenue, Everett, Washington 98201.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

12. The alleged debt Defendant was attempting to collect, a Citizen's Bank personal line of credit, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Plaintiff disputes the amount of the debt Defendant sought to collect.

14. Beginning in or around May 2014 and continuing through June 2014, Defendant contacted Plaintiff in an attempt to collect an alleged debt.

15. In its attempts to collect an alleged debt, Defendant contacted Plaintiff on his cellular telephone.

16. Plaintiff did not want to be contacted on his cellular telephone by Defendant; accordingly, on at least one occasion, Plaintiff told Defendant to stop calling him.

17. Defendant, however, never updated its records to stop the collection calls to Plaintiff and/or restricted calls to Plaintiff's cellular telephone number.

18. Rather, Defendant persisted in calling Plaintiff despite knowing that he did not want to be contacted on his cellular telephone.

19. Further, in its communications with Plaintiff, Defendant threatened to report the alleged debt on his credit, which was misleading and deceptive

statement, as the debt already appeared on Plaintiff's credit report.

20. Also, the amount Defendant sought to collect varied, in that it first demanded payment of $1,600.00 and subsequently only demanded payment of $700.00, which was confusing to Plaintiff, as he did not know the actual amount of the debt and the actual amount of the debt did not appear on his credit report.

21. Additionally, in its attempts to collect the debt, Defendant called Plaintiff's sister and left a voicemail message stating that it had "an urgent matter" to discuss with him (Plaintiff) and to have him (Plaintiff) return their call.

22. Defendant's message created a false sense of alarm to Plaintiff's sister and was upsetting and embarrassing to Plaintiff, as his learned that he had a collection company calling for him.

23. Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notification of his rights to dispute the debt and/or request validation of the debt.

24. Defendant's actions as described herein were made with the intent to harass, abuse, deceive, and act unfairly towards Plaintiff.

# DEFENDANT VIOLATED THE
# FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

25. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

   a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by continuing to call Plaintiff on his cellular telephone after being told to stop contacting him.

## COUNT II

26. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

   a. A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in

connection with the collection of any debt.

 b. A debt collector violates § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

 c. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

 d. Here, Defendant violated §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA by falsely representing the amount of the debt and by falsely claiming it would report the debt on his credit report, when the debt already appeared on his credit report.

## COUNT III

27. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

 a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

 b. Here, Defendant violated § 1692f of the FDCPA by failing to update its records to stop the calls to Plaintiff's cellular

telephone, leaving a message on Plaintiff's sister's voicemail claiming that it had an "urgent matter to discuss" with him, and engaging in other unfair and unconscionable conduct.

## COUNT IV

28. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692g.

    a. A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a

        statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b. Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt or providing him with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, JAMES POPLASKY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

# **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JAMES POPLASKY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: August 22, 2014    By:   /s/ Craig Thor Kimmel
                                         Craig Thor Kimmel
                                         BBO# 662924
                                         Kimmel & Silverman, P.C.
                                         30 E. Butler Pike
                                         Ambler, PA 19002
                                         Phone: (215) 540-8888
                                         Fax: 877-788-2864
                                         Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT